IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARIF EDWARDS, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 1:10-CV-2203 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| GEORGE CALPIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## **MEMORANDUM**

April 4, 2011

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Plaintiff Sharif Edwards ("Plaintiff" or "Edwards"), an inmate presently confined at the Graterford State Correctional Institution ("SCI Graterford") in Graterford, Pennsylvania, initiated the above action *pro se* by filing a civil rights Complaint under the provisions of 42 U.S.C. § 1983. (Doc. 1.)  Presently before the Court is an unopposed Motion for Judgment on the Pleadings filed on behalf of Defendants Calpin and the Lackawanna County Prison. (Doc. 22.)  For the reasons set forth herein, the Motion will be granted.

Edwards filed this action on October 26, 2010 while he was an inmate at the Lackawanna County Prison in Scranton, Pennsylvania.  Named as Defendants are George Calpin, a Correctional Officer at Lackawanna County Prison, and the

Lackawanna County Prison. Edwards alleges that, on July 19, 2010, he was awakened by his cellmate, Demba Diagouraga, and that Diagouraga was touching his penis and trying to sexually assault him. (Doc. 1 § IV. ¶ 1.) Edwards alleges that he told Defendant Calpin, but Calpin thought Edwards was lying and "playing around" until Diagouraga tried it again, and Edwards defended himself, after which "they locked [Edwards] up and [he] did 28 days." (*Id.* ¶¶ 1-2.)

Service of the Complaint was directed by Order dated November 19, 2010. (Doc. 10.) Following a request for an extension of time, which was granted, an Answer to the Complaint was filed on behalf of Defendants on January 28, 2011. (Doc. 20.) The instant Motion for Judgment on the Pleadings was filed on Defendants' behalf on February 3, 2011. (Doc. 22.) A supporting brief subsequently was filed on February 8, 2011. (Doc. 23.)

Because Edwards neither filed his opposition to the instant Motion nor requested an extension of time in which to do so, by Order dated March 1, 2011, he was directed to file his opposition on or before March 15, 2011. (Doc. 24.) The Order informed Edwards that his failure either to file his opposition brief or request an extension of time in which to do so within the required time would result in the instant Motion being deemed unopposed and addressed on the merits. (*Id.*) After the

2

March 1, 2011 Order was returned in the mail with a notation that Plaintiff no longer was at the Lackawanna County Prison, Plaintiff was located at SCI Graterford, and this Court's Order was re-mailed to him on March 11, 2011. However, Plaintiff still has not filed a brief in opposition to the instant Motion, and therefore, we shall deem it to be unopposed and address it on the merits.

## I.     STANDARD OF REVIEW

Defendants seek judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). That rule provides that "[a]fter the pleadings are closed- but early enough not to delay trial- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Under Rule 12(c), like Rule 12(b)(6) (dismissal for failure to state a claim upon which relief can be granted), judgment will not be granted:

> unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. In this fashion the courts hope to insure that the rights of the nonmoving party are decided as fully and fairly on a rule 12(c) motion, as if there had been a trial.

*Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1368, at 690 (1969)); *see also Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (finding that

3

under Rule 12(c) "[j]udgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law."). The standard of review for a motion for judgment on the pleadings is identical to that of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The only difference is that, on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the answer and written instruments attached to the pleadings. 2-12 Moore's Federal Practice - Civil § 12.38 (2011).

## II. DISCUSSION

Defendants are entitled to judgment as a matter of law inasmuch as Edwards has failed to dispute the pleadings, which establish the following:

Defendant Calpin was a correctional officer at the Lackawanna County Prison at all times material hereto. (Doc. 20, Answer, ¶ 1.) Calpin denies that Edwards informed him that his cell mate, Demba Diagouraga, had touched Edwards' penis or otherwise subjected him to a sexual assault. (*Id.* ¶ 2) Calpin denies that he placed Edwards in a disciplinary unit for twenty-eight (28) days. (*Id.* ¶ 3.)

Defendant Calpin was on duty on July 21, 2010 and was operating central control immediately outside C Block, which is where Edwards was housed. (*Id.* ¶ 5.)

Demba Diagouraga showed himself to Defendant Calpin behind the glass door of C Block. (*Id.* ¶ 6.) Diagouraga's face was bleeding and bruised. (*Id.*) Defendant Calpin asked Corectional Officer Janeski to take Diagouraga to the Shift Commander's office to get appropriate medical attention and to determine what had caused his injuries. (*Id.* ¶ 7.) Calpin had no further involvement with the incident. (*Id.* ¶ 8.)

Diagouraga informed the correctional staff that Edwards had assaulted him in C Block and had inflicted the injuries on his face. (*Id.* ¶ 9.) Following an investigation, on July 21, 2010, Edwards was charged with assaulting his cell mate, Demba Diagouraga, in a misconduct report authored by Sergeant Fanning (*Id.* ¶ 11; Doc. 20-1, Answer, Ex. A, 7/21/2010 Misconduct Report.) The misconduct report reflects that Edwards was provided with a copy of the report, which contained notice of a July 30, 2010 disciplinary hearing on the charges (Doc. 20-1 at 1.)

At the July 30, 2010 hearing, Edwards pled guilty to assaulting his cellmate, Demba Diagouraga, and thus was found guilty and sentenced to twenty-eight (28) days of disciplinary confinement by Prison Board Members Maloney and Helm (Doc. 20 ¶¶ 12-13; Doc. 20-2, Ex. B, 7/30/2010 Disciplinary Hearing Board Report.) Defendant Calpin did not participate in the hearing in any way, either as a witness or

as an adjudicator.  (Doc. 20 ¶ 14.)  Edwards did not appeal from the finding of guilt or from the sentence.  (*Id.* ¶ 15.)

The Prison Litigation Reform Act ("PLRA") requires inmates to present their claims through an administrative grievance process before filing suit in federal court.  Specifically, section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  This "exhaustion requirement applies to **all** inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (emphasis added).

"'[I]t is beyond the power of this court- or any other- to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.'"  *Nyhuis v. Reno,* 204 F.3d 65, 73 (3d Cir. 2000) (quoting *Beeson v. Fishkill Corr. Facility,* 28 F. Supp. 2d 884, 894-95 (S.D.N.Y. 1998) (citing *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)).  The PLRA "completely precludes a futility exception to its mandatory exhaustion requirement."  *Nyhuis,* 204 F.3d at 71.

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo,* 548 U.S. 81, 92 (2006). Failure to exhaust is an affirmative defense to be raised by a defendant, and therefore, the burden is on a defendant to plead and prove it. *See Ray v. Kertes*, 285 F.2d 287, 295 (3d Cir. 2002).

Defendants properly have raised the affirmative defense that Edwards failed to exhaust his claim stemming from the finding that he was guilty of misconduct and sentencing him to twenty-eight (28) days in disciplinary confinement by asserting that Edwards did not file an appeal from the finding of guilt and/or the sentence imposed. Edwards has not disputed his failure to exhaust. While the granting of the instant Motion solely on the basis of failure to exhaust administrative remedies is warranted, we observe that, even if Edwards had exhausted his administrative remedies, Defendants still would be entitled to entry of judgment in their favor on the basis of failure to state a claim upon which relief may be granted. Specifically, to state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir.

2000). As to Defendant Calpin, Edwards has failed to oppose the pleadings, and in particular, Calpin's denial that Edwards informed him that Diagouraga touched his penis or otherwise subjected him to a sexual assault, and establishing that Calpin had no involvement in instituting disciplinary proceedings against Edwards, in finding him guilty of the misconduct, or in imposing his sentence. (*See* Doc. 20; Docs. 20-1, 20-2.) As such, Edwards has failed to state a claim that Calpin violated his constitutional rights.

As to Defendant the Lackawanna County Prison, a prison is not a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70 (1989); *Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)). Thus, Edwards has failed to state a claim against the Lackawanna County Prison upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, the unopposed Motion for Judgment on the Pleadings filed on behalf of Defendants will be granted, and judgment will be entered in their favor. An appropriate Order will enter.